[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12615
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-02168-CV-LSC-S

VICTOR COAR,

Plaintiff-Appellant,

versus

PEMCO AEROPLEX, INC.,

Defendant,

ALABAMA AIRCRAFT INDUSTRIES,
INC.-BIRMINGHAM,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 25, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Coar, an African-American male proceeding through counsel, appeals from the district court's grant of summary judgment in favor of his employer, Alabama Aircraft Industries ("AAI"), in his racial discrimination and retaliation suit alleging wrongful termination in violation of 42 U.S.C. § 1981[1] and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)(1).

Coar argues on appeal that the district court erred in granting summary judgment to AAI on Coar's disparate treatment and retaliation claims. Specifically, Coar asserts that, regarding the disparate treatment claim, he satisfied Title VII's prima facie requirement by presenting evidence of similarly situated employees outside his protected class who were treated more favorably by AAI, and that his other circumstantial evidence of discrimination sufficiently showed that AAI had acted with discriminatory animus. In the alternative, Coar argues that he could show that AAI's legitimate nondiscriminatory reason was pretextual. Regarding the retaliation claim, Coar submits that he satisfied Title VII's prima facie requirement by proving the requisite causal connection between his statutorily protected activity and termination. In the alternative, Coar again asserts

---

[1] Coar does not assert this claim on appeal.

2

that he could demonstrate pretext.

We review a district court order granting summary judgment de novo, viewing all the facts in the record in the light most favorable to the non-moving party, and drawing all inferences in his favor. Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party opposing a properly submitted motion for summary judgment must set forth specific facts showing a genuine issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). The non-moving party must provide more than a "mere scintilla of evidence" to survive such a motion, and there must be a substantial conflict in evidence to support a jury question. Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc) (quotations omitted).

## I. DISPARATE TREATMENT

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Under 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States

shall have the same right in every State . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). Claims of race discrimination under 42 U.S.C. § 1981 are analyzed in the same manner as claims brought under Title VII. Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 843 n.11 (11th Cir. 2000).

In evaluating a Title VII disparate treatment claim supported by circumstantial evidence, as here, we use the McDonnell-Douglas burden-shifting framework. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). Under this framework, the plaintiff may establish a prima facie case of disparate treatment by "showing that [he] was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Id. If a prima facie case is established, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. Id. Once the employer satisfies its burden, the burden shifts back to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination. Id.

A "comparator" is an employee outside of the plaintiff's protected class who is similarly situated to the plaintiff "in all relevant respects." Id. at 1091 (quotation

4

omitted).  This prevents "courts from second-guessing employers' reasonable decisions and confusing apples with oranges."  Burke-Fowler v. Orange County, 447 F.3d 1319, 1323 (11th Cir. 2006) (quotation omitted).  A plaintiff must show that comparator employees are "involved in or accused of the same or similar misconduct" in order for those employees to be "similarly situated" to the plaintiff. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).  "If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present."  Wilson, 376 F.3d at 1092 (quotation and emphasis omitted).

Additionally, we have held that "where the evidence does not fit neatly into the classic prima facie case formula . . . a prima facie case of disparate treatment can still be established by any proof of actions taken by the employer" that shows a "discriminatory animus," where "in the absence of any other explanation it is more likely than not that those actions were bottomed on impermissible considerations." Schoenfeld v. Babbitt, 168 F.3d 1257, 1268 (11th Cir. 1999) (quotations and alteration omitted).  Thus, Coar appears to argue, in the alternative, that he has presented sufficient circumstantial evidence of discriminatory animus to prove intentional discrimination.

Coar has failed to satisfy the prima facie requirement for disparate treatment

5

in part because he did not present valid comparators. Coar alleges four instances of AAI's (specifically Cotton's) preferential treatment of white employees: (1) failure to punish three white supervisors who confronted Coar during his safety violation; (2) failure to terminate Gardner, a white employee, for two simultaneous Rule 37 violations; (3) failure to terminate Gardner for committing the same violation for which another black employee, Victor Terry, was terminated; and (4) failure to punish Howell, a white employee, for a Rule 37 safety violation, when Cotton determined Howell was "following procedure." None of these comparators were similarly situated to Coar "in all relevant respects." The three white supervisors, unlike Coar, were not hourly workers and therefore were not subject to AAI's progressive discipline policy. Moreover, their alleged infraction was a breach of managerial duty rather than a Rule 37 violation. Also unlike Coar, Gardner committed two Rule 37 violations simultaneously, which meant that they did not constitute two separate violations triggering termination under the progressive discipline policy. Coar's third example fails because it compares Gardner to a black employee other than the Plaintiff, and therefore does not meet the prima facie case requirement that the comparator be similarly situated to the Plaintiff. Finally, the evidence indicates that Howell did not commit a Rule 37 violation at all. Therefore, Coar failed to establish that he was subjected to an

adverse employment action in contrast with similarly situated employees outside the protected class.

Furthermore, Coar's other circumstantial evidence was insufficient to imbue AAI's decision-making process with the requisite discriminatory animus. As evidence of intentional discrimination, Coar reiterates the instances of perceived disparity described above. As discussed, those comparators were too dissimilar to Coars for us to infer that they reflect discriminatory animus. Moreover, we cannot conclude that the district court erred in determining that Coar's other circumstantial evidence was insufficient to convince a jury that Cotton acted with discriminatory animus when he terminated Coar. Therefore, we need not answer whether AAI proffered a legitimate non-discriminatory reason for its actions or whether Coar provided any evidence to show that the reason given was pretextual. Accordingly, we affirm the grant of summary judgment on this basis.

## II. RETALIATION

Coar next argues that the district court erred in finding that the gap between Coar's last instance of protected activity and his termination was too great to show a causal connection amounting to retaliation. Title VII prohibits retaliation in the employment context:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

"A prima facie case of retaliation contains three elements: first, the plaintiff engaged in statutorily protected conduct; second, the plaintiff suffered an adverse employment action; and finally, the adverse action was causally related to the protected expression." Williams v. Motorola, Inc., 303 F.3d 1284, 1291 (11th Cir. 2002) (quotation omitted). We construe "the causal link element broadly so that a plaintiff merely has to prove that the protected activity and the adverse action are not completely unrelated." Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004) (quotation, ellipsis, and alteration omitted). A causal connection is established if the plaintiff shows that "the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 590 (11th Cir. 2000) (quotations and alterations omitted). "For purposes of a prima facie case, close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated." Id. (quotations omitted).

We agree with the district court that Coar failed to demonstrate a causal

8

connection between his statutorily protected activity and termination. Coar was terminated on October 26, 2006, more than nine months after he last engaged in protected activity. We have held that even a three-month period between protected activity and an adverse employment action, standing alone, "does not allow a reasonable inference of a causal relationship between the protected expression and the adverse action." Hidgon, 393 F.3d at 1221. Like the plaintiff in Hidgon, Coar "has not presented any other evidence of causation." See id. Because Coar cannot establish a prima facie case of retaliation, we again do not reach the issue of pretext.

Based on a review of the record and the parties' briefs, we affirm the district court's grant of summary judgment in favor of AAI.

AFFIRMED.[2]

---

[2]     Appellant's request for oral argument is DENIED.